|  |  |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |
| 3 | * * * |

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | Case No. 2:17-cv-01783-APG-CWH |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| 312 POCONO RANCH TRUST and SIERRA RANCH HOMEOWNERS ASSOCIATION, | (ECF No. 14) |
| Defendants. | |

This lawsuit arises over a dispute regarding the legal effect of a non-judicial foreclosure sale conducted by defendant Sierra Ranch Homeowners Association. Sierra Ranch moves to dismiss, arguing that declaratory relief is a remedy, not an independent claim. Sierra Ranch also asserts that there is no justiciable controversy between it and plaintiff Nationstar Mortgage LLC because Sierra Ranch claims no interest in the property that is adverse to Nationstar.

Nationstar responds that it seeks a declaration that the foreclosure sale Sierra Ranch conducted is void, and success on that request would reinstate Sierra Ranch's superpriority lien on the property, making Sierra Ranch a necessary party. Nationstar argues it also seeks a declaration that Sierra Ranch violated Nationstar's due process rights. Nationstar states that if Sierra Ranch admits it will not be prejudiced by an order invalidating its foreclosure sale and if it will disclaim any interest in the property even if the foreclosure sale is set aside, then Nationstar would not contest dismissal.

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible

1  entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

The parties are familiar with the facts, so I will not set them out here. Although several of Nationstar's claims seek declaratory relief, it asserts at least one claim to resolve adverse interests in property under Nevada Revised Statutes § 40.010. Under that section, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." I therefore reject the argument in the motion to dismiss that Nationstar has asserted only a remedy and not a claim for relief.

However, I grant the motion because Nationstar has not requested relief in a form that would make Sierra Ranch a necessary party. If Nationstar had requested in it is complaint to set aside the HOA foreclosure sale, then Sierra Ranch would be a necessary party because its superpriority lien would be reinstated. However, Nationstar's complaint does not expressly request to set aside the sale. Instead, it requests a declaration that the deed of trust was not extinguished by the HOA sale. ECF No. 1 at 19. It is not clear from this allegation that Nationstar is requesting the HOA sale be set aside. Also, because setting aside the foreclosure sale would reinstate the prior homeowner as the property owner, that homeowner would be a necessary party if Nationstar sought to set aside the sale. Fed. R. Civ. P. 19(a). Yet Nationstar did not sue the prior owner in this case, suggesting it is not seeking to set aside the sale, or at least rendering the complaint ambiguous on this point.

I therefore grant Sierra Ranch's motion to dismiss because Nationstar's complaint, as currently pleaded, does not adequately allege Sierra Ranch has an adverse interest in the property. However, I grant leave to amend. *See* Fed. R. Civ. P. 15(a). If Nationstar truly seeks to set aside the HOA sale, it may amend to add that request. But it must also either add the prior homeowner as a necessary party or show cause why joinder is not feasible. *See* Fed. R. Civ. P. 19(a)(2), (c).

IT IS THEREFORE ORDERED that defendant Sierra Ranch Homeowners Association's motion to dismiss **(ECF No. 14) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff Nationstar Mortgage LLC may file an amended complaint on or before May 18, 2018.

DATED this 1st day of May, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE