1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

| | |
|---|---|
| 3  NATIONSTAR MORTGAGE LLC, | Case No.: 2:17-cv-01783-APG-DJA |
| 4      Plaintiff | **Order (1) Denying Defendant's Motion for Summary Judgment and (2) Granting** |
| 5  v. | **Plaintiff's Motion for Summary Judgment** |
| 6  312 POCONO RANCH TRUST, et al., | [ECF Nos. 53, 56] |
| 7      Defendants | |

Plaintiff Nationstar Mortgage LLC sues to determine whether a deed of trust owned by the Federal Home Loan Mortgage Corporation (Freddie Mac) still encumbers property located at 312 Pocono Ranch Avenue following a non-judicial foreclosure sale conducted by the homeowners association (HOA). Defendant 312 Pocono Ranch Trust (Pocono) purchased the property at the foreclosure sale.

Pocono moves for summary judgment, arguing that Nationstar's declaratory relief claim is untimely because under either federal or state law, a three-year limitation period applies. Nationstar opposes Pocono's motion and moves for summary judgment, arguing its claim is timely and the federal foreclosure bar preserved the deed of trust.

The parties are familiar with the facts so I do not repeat them here except where necessary. I deny Pocono's motion because Nationstar's declaratory relief claim is timely. I grant Nationstar's motion because the federal foreclosure bar precludes the HOA's foreclosure sale from extinguishing the deed of trust.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Pocono's Motion (ECF No. 53)**

Pocono argues that under either federal or state law, Nationstar's declaratory relief claim is untimely. The HOA sale took place on October 17, 2013 and the deed was recorded on October 28, 2013. ECF No. 56-10. Nationstar filed the complaint on June 28, 2017. ECF No. 1. If the applicable limitation period is four or more years, Nationstar's claims are timely.

Pocono and Nationstar dispute whether and how 12 U.S.C. § 4617(b)(12) applies to Nationstar's claim. That statute extends the limitation period for claims brought by the Federal Housing Finance Agency (FHFA) as conservator for Freddie Mac. Contract claims must be brought within the longer of six years or the applicable state law period, and tort claims must be brought within the longer of three years or the applicable state law period. 12 U.S.C.

§ 4617(b)(12)(A). Courts have interpreted § 4617(b)(12) to govern any action brought by FHFA as conservator, and thus one of these two limitation periods must apply even to a claim like Nationstar's declaratory relief claim that is neither a contract nor a tort claim. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1108-09 (D. Nev. 2019); *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp. 3d 92, 95-99 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, Nos. 11cv6189 (DLC), 11cv6201 (DLC), 2014 WL 4276420, at *5 (S.D N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 900 F. Supp. 2d 1055, 1067 (C.D. Cal. 2012). Pocono and Nationstar agree on this point.

But they disagree about whether Nationstar's claim is more like a contract claim or more like a tort claim. Pocono argues that Nationstar's claim is essentially for wrongful foreclosure and thus is a tort claim. Nationstar contends that because its security interest in the property is derived from a contract, the six-year limitation period should apply.

Nationstar's claim is not comparable to wrongful foreclosure. Under Nevada law, a "wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (en banc). Nationstar's declaratory relief claim does not challenge the HOA's authority or legal right to conduct the foreclosure, and it does not dispute that the homeowner was in default on the HOA assessments. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (stating that "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised"). Rather, Nationstar concedes the HOA had the authority to foreclose but disputes that the foreclosure extinguished the deed of trust. And Nationstar does not request tort damages.

3

A more fitting comparison is to a contract claim. The security interest in the property was established through the deed of trust, which is a contract. *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 254, 258 (Nev. 2012) (en banc). Nationstar's declaratory relief claim seeks to establish whether that security interest still encumbers the property, and thus is more akin to a contract claim than a tort claim. *See LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d at 1109-10 (reaching the same conclusion). Consequently, if § 4617(b)(12)(A) applies to Nationstar's claim, then the six-year limitation period governs and Nationstar's claim is timely.[1]

I need not decide whether § 4617(b)(12)(A) applies to Nationstar's claim because even if it does not, the complaint is timely under Nevada law. Although the parties advocate for either a three- or five-year limitation period under Nevada law, I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of America, N.A. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). Because Nationstar's claim was brought within four years of the HOA sale, it is timely. I therefore deny Pocono's motion for summary judgment.

**B. Nationstar's Motion (ECF No. 56)**

Nationstar argues that Freddie Mac owned the loan and deed of trust prior to the HOA sale, so the federal foreclosure bar precludes that sale from extinguishing the deed of trust.

---

[1] Pocono mentions 28 U.S.C. § 2415 for the first time in its reply brief. I do not consider arguments raised for the first time in a reply brief. *See Vazquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("[W]e do not consider issues raised for the first time in reply briefs."). But even if I did, I would reach the same result under that statute because it similarly distinguishes between contract and tort claims (although that section also recognizes the possibility of "an action to establish the title to, or right of possession of, real or personal property," and does not limit the time to bring that type of claim). 28 U.S.C. § 2415(c).

Pocono disputes the federal foreclosure bar applies because (1) Nationstar has not shown it has standing where the note and deed of trust were split at origination and Nationstar has not shown it holds both the wet ink note and deed of trust; (2) Nationstar has not provided a certified copy of the assignment of the deed of trust; (3) Nationstar has not presented admissible evidence that Freddie Mac owned the loan at the time of the HOA sale or that FHFA did not consent to the deed of trust being extinguished; (4) Nationstar cannot enforce the federal foreclosure bar; (5) Nevada law is not preempted; (6) Freddie Mac's interest in the property was not recorded as required under Nevada Revised Statutes § 106.210; and (7) Pocono is a bona fide purchaser.

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator" for Freddie Mac, "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]." The question of whether the federal foreclosure bar preserves Freddie Mac's interest in this property following the HOA's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Freddie Mac's interest in property without FHFA's affirmative consent. *Id.* at 927-31. None of the arguments Pocono raises creates an issue of fact to preclude summary judgment.

Pocono's arguments have already been rejected by this and other courts. *See Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018) (federal foreclosure bar operates automatically unless FHFA expressly consents to its interest being extinguished); *Berezovsky*, 869 F.3d at 929-32 (federal foreclosure bar preempts Nevada law, Freddie Mac need not record its interest, federal foreclosure bar protects FHFA interests "unless or until the Agency affirmatively relinquishes it," and Freddie Mac "remains a secured

creditor with a property interest in the collateral even if the recorded deed of trust names only [Freddie Mac's] agent"); *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658, 659 (9th Cir. 2017) (stating that a loan servicer "acts as [Freddie Mac's] agent, and has standing to assert a claim of federal preemption"); *JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018) ("Nevada's law on bona fide purchasers would be preempted for the same reasons an HOA cannot foreclose on FHFA's interests without consent.").

As for Pocono's argument that Nationstar has not shown it has standing and has not produced a certified copy of the assignment, the question in this case is not whether Nationstar could presently foreclose. The question is whether Freddie Mac owned the note and deed of trust at the time of the HOA foreclosure sale such that the federal foreclosure bar preserved that interest. Nationstar has presented the chain of recorded assignments to it as well as evidence sufficient to establish Freddie Mac' ownership interest. ECF No. 56-3. The *Berezovsky* court accepted as proof of ownership the same type of evidence offered in this case. 869 F.3d at 932-33. Pocono offers no evidence raising a genuine dispute about Freddie Mac's interest or the authenticity of the recorded assignment to Nationstar, and it does not request relief under Federal Rule of Civil Procedure 56(d). Pocono's unsupported assertions that Freddie Mac may not have owned the loan or that Nationstar did not produce a certified copy of the assignment are insufficient to raise a genuine issue of material fact. Pocono must show "more than metaphysical doubt as to the material facts," and it "has not done so here." *Id.* at 933 (quotation omitted). Consequently, no genuine dispute remains that Freddie Mac owned an interest in the property at the time of the HOA foreclosure sale and that Nationstar, as Freddie Mac's servicer and as the deed of trust's beneficiary of record, has standing.

Finally, Pocono's argument that Freddie Mac had to record its interest in the property under Nevada Revised Statutes § 106.210 is incorrect. That section was amended in 2011 to require an assignment of a deed of trust be recorded. But the earlier version, which applies in this case because Freddie Mac purchased the loan in 2008, provided only that an assignment "may be recorded" and did "not prevent an assignee from enforcing its interest if it chose not to record the assignment." *SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC*, No. 72010, 432 P.3d 718, 2018 WL 6721370, at *2 (Nev. 2018). Freddie Mac therefore was not required to record its interest under § 106.210.

In sum, Nationstar's declaratory relief claim is timely and the federal foreclosure bar preserved the deed of trust from being extinguished by the HOA's foreclosure sale. As a result, Pocono purchased the property subject to the deed of trust.

## II. CONCLUSION

I THEREFORE ORDER that defendant 312 Pocono Ranch Trust's motion for summary judgment **(ECF No. 53) is DENIED**.

I FURTHER ORDER that plaintiff Nationstar Mortgage LLC's motion for summary judgment **(ECF No. 56) is GRANTED**. The clerk of court shall enter judgment in favor of plaintiff Nationstar Mortgage LLC and against defendant 312 Pocono Ranch Trust as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on October 17, 2013 did not extinguish the Federal Home Loan Mortgage Corporation's interest in the property located at 312 Pocono Ranch Avenue in North Las Vegas and thus the property is subject to the deed of trust.

/ / / /

/ / / /

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of November, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE